be ready for argument when reached; otherwise, motion denied, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

STANDARD LIME COMPANY, Respondent, v. DE BELLIS REALTY CORPORATION and Others, Appellants. THE PRUDENCE COMPANY, INC., Respondent, v. DE BELLIS REALTY CORPORATION and Others, Appellants. GIBRALTER CREDIT CORPORATION, Appellant, v. DE BELLIS REALTY CORPORATION and Others, Appellants; BERTRAND ETTINGER, Receiver, Respondent.— Motion to dismiss appeal granted by default, with ten dollars costs, and appeal dismissed, with ten dollars costs and disbursements. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

STANDARD LIME COMPANY, Respondent, v. DE BELLIS REALTY CORPORATION and Others, Appellants. THE PRUDENCE COMPANY, INC., Respondent, v. DE BELLIS REALTY CORPORATION and Others, Appellants. GIBRALTER CREDIT CORPORATION, Appellant, v. DE BELLIS REALTY CORPORATION and Others, Appellants; BERTRAND ETTINGER, Receiver, Respondent.— Motion to dismiss appeal granted by default, with ten dollars costs, and appeal dismissed, with ten dollars costs and disbursements. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

JOSEPH WALDMAN, on Behalf of Himself and Other Stockholders Similarly Situated, Respondent, v. HENRY M. SUSSWEIN and Others, Appellants; MAURICE RUBINGER and Others, Defendants.— Motion to dismiss appeal granted by default, with ten dollars costs, and appeal dismissed, with ten dollars costs and disbursements. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

CARRIE T. WILLIAMS, Appellant, v. ROGER Q. WILLIAMS, Respondent. (Appeal No. 1.) — Motion to dismiss appeal granted and appeal dismissed, without costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

CARRIE T. WILLIAMS, Appellant, v. ROGER Q. WILLIAMS, Respondent. (Appeal No. 2.) — Motion to dismiss appeal granted and appeal dismissed, without costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

YERKS & CO., INC., Respondent, v. CARMELA SARNO, as Executrix, etc., of ACHILLO SARNO, Deceased, and JAMES SARNO, Appellants.— Motion to dismiss appeal granted by default, with ten dollars costs, and appeal dismissed, with costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

ANSONIA BAKERY, INC., Respondent, v. WILMAX OPERATING CORPORATION, Defendant; LOFT, INC., Appellant.— Motion for stay denied upon condition that appellant perfect the appeal for Monday, January 4, 1932 (for which day the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

JOSEPH DEMATTEIS, Appellant, v. JASPER JONES, Respondent; COMMISSIONER OF EDUCATION, Amicus Curiæ.— Motion for leave to file a brief *amicus curiæ* granted. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

ANNA ZUBRITSKY, Respondent, v. STEPHEN ZUBRITSKY, Appellant.— Motion to require defendant to furnish security for the payment of costs and alimony denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Appellant, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required

for the Purpose of Opening and Extending Surf Avenue, from West Fifth Street to West Thirty-seventh Street, in the Borough of Brooklyn, City of New York. E. M. A. REALTY CO., INC., and Others, Respondents.— The decision of this court handed down on December 4, 1931, ▌ is hereby amended to read as follows: Final decree modified by striking therefrom the joint award made for damage parcels Nos. 303 and 304, and proceeding remitted to the Special Term for a rehearing as to said parcels, costs to abide the event. As so modified, the final decree is affirmed, with costs to prevailing respondents who have filed briefs on this appeal. As to the awards for damage parcels other than Nos. 303 and 304, it does not appear that the learned Special Term adopted or followed any erroneous theory. The joint award of $9,550 for parcel 304 and the westerly sixty feet of parcel 303 was on the erroneous assumption that said westerly sixty feet of parcel 303 was a " railroad parcel " and the award therefor was at the same rate as for parcel 304, which was a " railroad parcel." Besides, it appears that the only encroachment of this parcel 303 within the lines of Surf avenue was an overhead canopy. Young, Kapper, Scudder and .Tompkins, JJ., concur; Lazansky, P. J., concurs except as to " non-railroad parcels " which were subject to easement that ten-foot strip be used for courtyard purposes, as to which he dissents. The " railroad parcels " were never burdened with that easement. It is conceded that the 1890 proceed-ings cast that burden on the " non-railroad parcels." Nothing in the record warrants the conclusion that they have been released therefrom. Even with the burden of such easements, the ten-foot strip may have substantial value and depri-vation of it may give rise to consequential damages.

In the Matter of Proving the Last Will and Testament of WILLIAM MACGREADY, Also Known as WILLIAM L. MACGREADY, Deceased, as a Will of Real and Personal Property. LOUISE MACGREADY, Appellant; MARY E. MACGREADY, as General Guardian of DONALD MACGREADY and MURIEL MACGREADY, Infants, etc., and Others, Respondents. (Appeal No. 1.) — On consent, order of the Surrogate's Court of Queens county appointing a temporary administrator reversed on the law and the facts, with ten dollars costs and disbursements to appellant, payable out of the estate, and motion denied, with ten dollars costs, on condition that within ten days from the entry of the order herein appellant deposit with the clerk of the Surrogate's Court all of the property in her hands which she concedes belongs to the estate and also all other property in her hands to which she lays claim but which respondents claim belongs to the estate. In the event that the condition be not complied with, the order is affirmed, with ten dollars costs and disbursements to respondents, payable out of the estate. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

ANNA ZUBRITSKY, Respondent, v. STEPHEN ZUBRITSKY, Appellant.— On argu-ment, order granting plaintiff's motion for alimony and counsel fee affirmed, without costs, on condition that within five days from the entry of the order herein plaintiff serve a bill of particulars specifying the times and places of alleged acts of physical cruelty; in the event of plaintiff's failure to serve such bill, the order is reversed on the law and the facts, without costs, and motion denied, without costs. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.